RILEY SAFER HOLMES & CANCILA LLP
JEFFREY R. WILLIAMS (CSB No. 084156)
*jwilliams@rshc-law.com*
LANCE C. CIDRE (CSB No. 287906)
*lcidre@rshc-law.com*
111 New Montgomery Street, Suite 600
San Francisco, CA  94105
Telephone:     (415) 275-8550
Facsimile:     (415) 275-8551

Attorneys for Defendants
TECHTRONIC INDUSTRIES NORTH AMERICA, INC.
and ONE WORLD TECHNOLOGIES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JEFF HOLLEY and PHILLIP CALVIN,<br><br>                    Plaintiffs,<br><br>          v.<br><br>TECHTRONIC INDUSTRIES NORTH AMERICA, INC., a corporation; and DOES 1 through 500,<br><br>                    Defendants. | Case No. _____<br><br>(Alameda County Superior Court,<br>Case No. RG16803771)<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

          TO THE CLERK AND THE HONORABLE JUDGES OF THE UNITED STATES

DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

          PLEASE TAKE NOTICE THAT Defendants Techtronic Industries North America, Inc.

("TTI-NA") and One World Technologies, Inc. ("One World") (collectively, "Defendants")

hereby give notice of removal of the above-entitled civil action from the Superior Court of the

State of California, County of Alameda, 1221 Oak Street, Oakland, California 94612, Case No.

RG16803771, to the United States District Court for the Northern District of California.  Removal

of this case is authorized under 28 U.S.C. § 1441(b), based upon the following facts:

**PROCEDURAL HISTORY**

1.      On or about February 16, 2016, Plaintiffs William Jeff Holley and Phillip Calvin commenced an action against TTI-NA by filing with the Clerk of the Alameda County Superior Court a summons and complaint.  The summons and complaint were served on TTI-NA on or about March 15, 2016.  True and correct copies of the summons and complaint are attached hereto as Exhibit A.

2.      On or about July 26, 2016, Plaintiffs filed an amendment to their complaint substituting One World for a fictitiously named defendant.  A true and correct copy of Plaintiffs' Amendment is attached hereto as Exhibit B.

3.      On or about August 2, 2016, TTI-NA and One World filed their Answer to Plaintiffs' complaint in the Alameda County Superior Court.  A true and correct copy of TTI-NA and One World's Answer is attached hereto as Exhibit C.

4.      Plaintiffs have propounded written discovery on both Defendants, including form interrogatories, special interrogatories, document requests, and requests for admission. Defendants have propounded requests for admission on Plaintiffs to determine the facts necessary to establish diversity jurisdiction.  But for the filing of Defendants' Notice of Removal, the parties' respective responses would have been due on September 26, 2016.  As of the filing of Defendants' Notice of Removal, no other discovery or substantive proceedings have been conducted in the Superior Court.

**JURISDICTION**

5.      Under 28 U.S.C. § 1332, this Court has original jurisdiction of this civil action based on diversity of citizenship of the parties, and Defendants may remove the action to this Court pursuant to 28 U.S.C. § 1441(b).

**DIVERSITY OF CITIZENSHIP**

6.      At the time the action was filed in state court, Plaintiff William Jeff Holley was, and is, a citizen of the State of California.  (*See* Ex. A, Complaint, at ¶ 1.)

7.      At the time the action was filed in state court, Plaintiff Phillip Calvin was, and is, a citizen of the State of California.  (*See* Ex. A, Complaint, at ¶¶ 1, 29.)

8.      At the time the action was filed in state court, TTI-NA was, and is, incorporated in the State of Delaware, with its principal place of business in Anderson, South Carolina.

9.      At the time the action was filed in state court, One World was, and is, incorporated in the State of Delaware, with its principal place of business in Anderson, South Carolina.

## AMOUNT IN CONTROVERSY

10.      While Defendants deny any liability as to Plaintiffs' claims, the amount in controversy requirement is satisfied here because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000 exclusive of interest and costs.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[D]efendant must prove that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.").  To determine whether the amount in controversy requirement is satisfied, courts are not "confined to the face of the complaint" and may consider facts presented in the removal petition.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

11.      Although Plaintiffs have not specified a dollar amount in damages that they are seeking in this case, the factual allegations pled and types of damages requested demonstrate that the amount in controversy "more likely than not" exceeds $75,000.  Defendants discuss below the allegations of Plaintiffs' complaint solely to demonstrate that the amount in controversy exceeds $75,000.  Defendants do not admit that Plaintiffs are entitled to such damages or that Plaintiffs will be able to recover on their claims.

12.      In determining whether the amount in controversy exceeds the jurisdictional minimum of $75,000, a court may consider (among other things) compensatory damage claims for general or special damages.  *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943) (holding that actual and punitive damages must be considered in determining jurisdictional amount).

13.      In this product liability action, Plaintiffs allege that Mr. Holley was injured when, in the course of using a compound miter saw designed, manufactured, and/or distributed by Defendants, "the blade guard came loose from the saw, exposed the blade while the saw was operating and caused [Mr. Holley's] left hand to come in contact with the blade."  (Ex. A,

Complaint, ¶ 9.)  Plaintiffs further allege that as a result of this incident, Mr. Holley suffered injuries, including "severing the second, third and fourth digits on his left hand, mental and physical pain and suffering, and other injuries…."  (*Id.* at ¶ 10.)

14.     Plaintiffs seek recovery for Mr. Holley's claimed past and future medical and related expenses, including the engagement of "physicians and surgeons to examine, treat and care for him," lost earnings, lost earning capacity, and his mental and physical pain and suffering, among other damages, as well as for Mr. Calvin's claimed loss of consortium.  (*Id.* at ¶¶ 10-12, 30.)

15.     From these allegations, it is facially apparent that the amount in controversy requirement is satisfied.  *See Hammarlund v. C.R. Bard, Inc.*, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) ("In cases involving severe injuries, especially those requiring surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied."); *see also Black v. Monster Beverage Corp.*, 2016 WL 81474, at *2 (C.D. Cal. Jan. 7, 2016) (collecting cases).  Furthermore, juries in cases involving finger amputations and resulting surgery—as alleged here—have returned verdicts substantially in excess of the jurisdictional minimum.  *See, e.g.*, *DiGregorio v. Aronowitz*, 2012 WL 7991279 (Cal. Super. Ct. Nov. 8, 2012) ($150,000 verdict where plaintiff suffered a partial finger amputation as a result of a claimed missed cancer diagnosis); *Carter v. BJ's Restaurants Inc., et al.*, 2010 WL 2854381 (Cal. Super. Ct. May 20, 2010) ($650,000 verdict where plaintiff suffered laceration to finger tendon requiring multiple surgical procedures); *Banks v. Brown*, 2006 WL 4662519 (Cal. Sup. Ct. Oct. 2, 2006) ($281,132 verdict where plaintiff suffered injuries to his right middle and index fingers when they made contact with the blades of a running lawnmower, requiring surgery).

16.     As shown herein, the requirements of 28 U.S.C. § 1332 are satisfied, as there is complete diversity among the parties and because it is more likely than not that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Accordingly, this action is properly removable to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(a).

///

///

## TIMELINESS OF REMOVAL

17.    Plaintiffs' Complaint alleges neither Plaintiffs' citizenship nor the amount in controversy.  (*See generally* Exhibit A.)  Defendants' removal period therefore did not begin to run upon service of the Complaint.  *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695-96 (9th Cir. 2005) (holding that a state court complaint that alleges the parties' residence, but not their domicile or citizenship, is not removable on the ground of diversity); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077-78 (10th Cir. 1999) (holding that where the initial pleading does not disclose the requisite amount in controversy, a defendant's removal period commences only once the defendant is able "to intelligently ascertain" that the plaintiff's claim exceeds $75,000 as the result of a voluntary act on the plaintiff's part).  Here, Plaintiffs have yet to undertake any voluntary act from which Defendant could ascertain that the amount in controversy in this action exceeds the sum or value of $75,000, and Defendants' removal period has therefore not yet commenced.  Accordingly, Defendants' Notice of Removal is timely as it is filed within one year of the commencement of the action.  *See* 28 U.S.C. § 1446; *see also* 28 U.S.C. § 1441(b).

## INTRADISTRICT ASSIGNMENT

18.    This action arose in the County of Alameda, State of California, and is therefore properly assigned to either the San Francisco Division or the Oakland Division of the United States District Court for the Northern District of California.  *See* Civil L.R. 3-2(d).

## SERVICE OF NOTICE OF REMOVAL ON STATE COURT

19.    Promptly following the filing of this Notice of Removal in the United States District Court for the Northern District of California, the undersigned will give counsel for Plaintiffs written notice of such filing.  A true and correct copy of this notice form is attached hereto as Exhibit D (without attachments).  Written notice will also be filed with the Clerk of the Superior Court of the County of Alameda.  A true and correct copy of this notice form is attached hereto as Exhibit E (without attachments).

WHEREFORE, Defendants Techtronic Industries North America, Inc. and One World Technologies, Inc. respectfully request that this action now pending in the Superior Court of

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

1   California, County of Alameda, be removed to this Court, and that further proceedings in this

2   action be conducted in this Court as provided by law.

3

4   Dated: September 26, 2016                    RILEY SAFER HOLMES & CANCILA LLP

5

6                                               By: /s/ Lance C. Cidre
                                                    Jeffrey R. Williams
7                                                   Lance C. Cidre
                                                    Attorneys for Defendants
8                                                   TECHTRONIC INDUSTRIES NORTH
                                                    AMERICA, INC. and ONE WORLD
9                                                   TECHNOLOGIES, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

*WILLIAM JEFF HOLLEY, et al. v. TECHTRONIC INDUSTRIES NORTH AMERICA, INC.,*
U.S. District Court, N.D. Cal, Case No. _____

## PROOF OF SERVICE

I, the undersigned, certify and declare as follows:

I am over the age of eighteen years and not a party to this action.  My business address is 111 New Montgomery Street, Suite 600, San Francisco, California.  On the date stated below, at San Francisco, California, I served the attached document(s) on the parties in this action as follows:

### NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

☑ **BY OVERNIGHT DELIVERY**:  By placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

John E. Hill
Denise Mejlszenkier
LAW OFFICES OF JOHN E. HILL
333 Hegenberger Road, Suite 500
Oakland, CA 94621-1462
T: 51-588-1000
F: 510-633-2504

Attorneys for WILLIAM HOLLEY and
PHILLIP CALVIN

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed this 26th day of September, 2016, at San Francisco, California.

_____
DAN GUNN

4851-8816-3125, v. 1