**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TECHTRONIC INDUSTRIES NORTH AMERICA, INC., a corporation and DOES 1 through 500

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WILLIAM JEFF HOLLEY and PHILLIP CALVIN

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

FEB 1 6 2016

CLERK OF THE SUPERIOR COURT
By _Maria Carrera_
Maria Carrera, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson
1225 Fallon Street, Oakland, California, CA 94612

CASE NUMBER: RG16803771
(Número del Caso):

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
JOHN E. HILL (Bar # 45338)           Fax No.: (510) 633-2504
LAW OFFICES OF JOHN E. HILL, A Professional Corporation    Phone No.: (510) 588-1000
333 Hegenberger Road, Suite 500, Oakland, CA 94621-1462

DATE: FEB 1 6 2016         Clerk, by  Chad Finke           Maria Carrera        , Deputy
(Fecha)                    (Secretario)                                          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

JOHN E. HILL, State Bar Number 45338
LAW OFFICES OF JOHN E. HILL
A PROFESSIONAL CORPORATION
333 Hegenberger Road, Suite 500
Oakland, California 94621
Telephone: (510) 588-1000
Fax: (510) 633-2504

Attorneys for Plaintiffs
WILLIAM JEFF HOLLEY & PHILLIP CALVIN

ENDORSED
FILED
ALAMEDA COUNTY

FEB 1 6 2016

CLERK OF THE SUPERIOR COURT
By _Maria Carrera_
Maria Carrera, Deputy

SUPERIOR COURT OF CALIFORNIA,

COUNTY OF ALAMEDA,

UNLIMITED JURISDICTION

| | |
|---|---|
| WILLIAM JEFF HOLLEY; AND PHILLIP CALVIN; <br><br> Plaintiffs, <br><br> vs. <br><br> TECHTRONIC INDUSTRIES NORTH AMERICA, INC., a corporation; and DOES 1 through 500; <br><br> Defendants. | Case No. RG16803771 <br><br> COMPLAINT FOR DAMAGES <br><br> (Personal Injury: Products Liability; Negligence; Loss of Consortium) |

FIRST CAUSE OF ACTION

AS AND FOR A FIRST CAUSE OF ACTION BASED UPON PRODUCTS LIABILITY (DESIGN AND / OR MANUFACTURING DEFECT) AGAINST TECHTRONIC INDUSTRIES NORTH AMERICA, INC., AND DOES 1 THROUGH 500, PLAINTIFF WILLIAM JEFF HOLLEY ALLEGES:

1. Plaintiff WILLIAM JEFF HOLLEY is, and at all times mentioned in this Complaint was, a resident of the State of California.

//

BY FAX

2. Defendants DOES 1 through and including 500 are sued in this Complaint under Code of Civil Procedure Section 474. The true names or capacities, whether individual, corporate, governmental, partnership, associate or otherwise, of these defendants are unknown to plaintiffs who, therefore, sue these defendants by fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiffs are informed and believe, and on that basis allege, that each of the defendants designated as a DOE is negligently responsible for the events and happenings referred to in this Complaint, and, thereby, caused injuries and damages to the plaintiffs.

3. Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned in this Complaint defendant TECHTRONIC INDUSTRIES NORTH AMERICA, INC., was a corporation incorporated pursuant to the laws of the State of California and has been and now is authorized to and doing business in the County of Alameda, State of California.

4. Each and every reference in this Complaint to "defendants" shall be deemed to refer to each and all defendants, unless a specific defendant is named or the context otherwise requires.

5. Plaintiffs are informed and believe, and on that basis allege, that at all times referred to in this Complaint each defendant was the agent and/or employee of each other defendant and was acting in the course and scope of that agency and/or employment.

6. Plaintiff WILLIAM JEFF HOLLEY is informed and believes, and on that basis alleges, that defendants TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and DOES 1 THROUGH 500 are, and at all times mentioned in this complaint were, engaged in the business of designing, manufacturing, assembling for sale, wholesaling and/or retailing sliding compound miter saws and related equipment for sale to and use by members of the general public, including

2                                                          COMPLAINT FOR DAMAGES

1  plaintiff, under the Ryobi brand name, and as part of their business defendants TECHTRONIC
2  INDUSTRIES NORTH AMERICA, INC., and DOES 1 through 500 designed, manufactured,
3  assembled for sale, wholesaled, and/or retailed the particular Ryobi Model TSS100L sliding
4  compound miter saw with Serial Number J1331 98881 which was involved in the incident giving
5  rise to this action.

6

7      7.    At all times relevant to this complaint defendants TECHTRONIC INDUSTRIES
8  NORTH AMERICA, INC., and DOES 1 through 500 knew and intended that the Ryobi Model
9  TSS100L sliding compound miter saw and related equipment would be purchased by members of
10 the general public and used by the purchasers and others without inspection for defects.

11

12     8.    On or about March 9, 2015, plaintiff WILLIAM JEFF HOLLEY, was using the
13 Ryobi Model TSS100L sliding compound miter saw which was designed, manufactured,
14 assembled for sale, wholesaled and/or retailed by the defendants. The Ryobi Model TSS100L
15 sliding compound miter saw and related equipment designed, manufactured, assembled for sale,
16 wholesaled, and/or retailed by defendants TECHTRONIC INDUSTRIES NORTH AMERICA,
17 INC., and DOES 1 through 500 was defective and unsafe for its intended purpose in that, among
18 other defects, the bolt which held the blade guard in place was not properly secured to the saw,
19 causing it to come loose from the saw during normal operation and cause the blade guard to
20 separate from the saw, exposing the blade while the saw was being operated.

21

22     9.    As a direct and proximate result of the defective condition of the Ryobi Model
23 TSS100L sliding compound miter saw, plaintiff WILLIAM JEFF HOLLEY suffered injuries
24 while using the Ryobi Model TSS100L sliding compound miter saw when the blade guard came
25 loose from the saw, exposed the blade while the saw was operating and caused plaintiff
26 WILLIAM JEFF HOLLEY'S left hand to come in contact with the blade.
27 //
28

10. As a direct and proximate result of the defective condition of the Ryobi Model TSS100L sliding compound miter saw, plaintiff suffered injuries, including severing the second, third and fourth digits on his left hand, mental and physical pain and suffering, and other injuries, all to his general damage in an amount in excess of the jurisdictional requirements of this Court.

11. As a further direct and proximate result of the defective condition of the Ryobi Model TSS100L sliding compound miter saw, plaintiff WILLIAM JEFF HOLLEY was required to and did employ physicians and surgeons to examine, treat and care for him and did incur medical and related expenses in a presently unascertained amount. Plaintiff WILLIAM JEFF HOLLEY is informed and believes, and on that basis alleges, that he will be required to incur additional medical and related expenses in the future in a presently unascertained amount. Plaintiff WILLIAM JEFF HOLLEY will amend this Complaint to insert that amount when it has been ascertained.

12. At the time of the incident alleged above plaintiff WILLIAM JEFF HOLLEY was employed and had an earning capacity. As a further direct and proximate result of the defective condition of the Ryobi Model TSS100L sliding compound miter saw, plaintiff WILLIAM JEFF HOLLEY has suffered lost earnings and injury to his earning capacity in a presently unascertained amount. Plaintiff WILLIAM JEFF HOLLEY will amend this Complaint to insert that amount when it has been ascertained.

//
//
//
//
//
//
//

## SECOND CAUSE OF ACTION

**AS AND FOR A SECOND CAUSE OF ACTION BASED UPON PRODUCTS LIABILITY (FAILURE TO WARN) AGAINST DEFENDANTS TECHTRONIC INDUSTRIES NORTH AMERICA, INC., AND DOES 1 THROUGH 500, PLAINTIFF WILLIAM JEFF HOLLEY ALLEGES:**

13. Plaintiff WILLIAM JEFF HOLLEY incorporates Paragraphs 1 through and including 9 of this Complaint into this Second Cause of Action.

14. Defendants' Ryobi Model TSS100L sliding compound miter saw and related equipment had risks associated with their use which were known to defendants TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and DOES 1 through 500 at the time of the design, manufacture, distribution and / or sale of the equipment, including the risk of the blade guard detaching from the saw if not properly attached while a user was using the saw.

15. The potential risks associated with the use of the defendants' Ryobi Model TSS100L sliding compound miter saw and related equipment presented a substantial danger to users of the equipment, risks which persons such as plaintiff WILLIAM JEFF HOLLEY would not recognize.

16. Defendants TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and DOES 1 through 500 failed to give adequate warning of the risks associated with the use of the Ryobi Model TSS100L sliding compound miter saw and related equipment and / or failed to adequately provide instruction or warning of the risks associated with the use and/or maintenance of the Ryobi Model TSS100L sliding compound miter saw and related equipment.

//
//

17. On or about March 9, 2015, plaintiff WILLIAM JEFF HOLLEY was using the Ryobi Model TSS100L sliding compound miter saw. The Ryobi Model TSS100L sliding compound miter saw and related equipment designed, manufactured, assembled for sale, wholesaled, and/or retailed by defendants was defective and unsafe for its intended purpose in that, among other defects, defendants failed to warn or otherwise give notice of the risks associated with the use of the Ryobi radial arm saw and related equipment, and in particular of the risks associated with the failure of the bolt which held the blade guard in place to properly secured the blade guard to the saw, causing it to come loose from the saw during normal operation and causing the blade guard to separate from the saw, exposing the blade while the saw was being operated, as well of the risks associated with maintenance and / or adjustment of the bolt which secured the blade guard to the saw to prevent it from detaching, among other potential hazards.

18. As a result of defendant TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and DOES 1 through 500's failure to adequately warn of the risks associated with the use of the Ryobi Model TSS100L sliding compound miter saw and related equipment, and as a result of defendant TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and DOES 1 through 500's failure to adequately provide instruction about its use, plaintiff WILLIAM JEFF HOLLEY, suffered injuries on March 9, 2015, including severing the second, third and fourth digits on his left hand, mental and physical pain and suffering, and other injuries, all to his general damage in an amount in excess of the jurisdictional requirements of this Court.

19. As a further direct and proximate result of defendants' conduct, plaintiff WILLIAM JEFF HOLLEY was required to and did employ physicians and surgeons to examine, treat and care for him and did incur medical and related expenses in a presently unascertained amount. Plaintiff WILLIAM JEFF HOLLEY is informed and believes, and on that basis alleges, that he will be required to incur additional medical and related expenses in the future in a

presently unascertained amount. Plaintiff WILLIAM JEFF HOLLEY will amend this Complaint to insert that amount when it has been ascertained.

20. At the time of the incident alleged above plaintiff WILLIAM JEFF HOLLEY was employed and had an earning capacity. As a further direct and proximate result of defendants' conduct, plaintiff WILLIAM JEFF HOLLEY has suffered lost earnings and injury to his earning capacity in a presently unascertained amount. Plaintiff WILLIAM JEFF HOLLEY will amend this Complaint to insert that amount when it has been ascertained.

## THIRD CAUSE OF ACTION

**AS AND FOR A THIRD CAUSE OF ACTION CAUSE OF ACTION BASED UPON NEGLIGENCE AGAINST DEFENDANTS TECHTRONIC INDUSTRIES NORTH AMERICA, INC., AND DOES 1 THROUGH 500, PLAINTIFF WILLIAM JEFF HOLLEY ALLEGES:**

21. Plaintiff incorporates Paragraphs 1 through and including 7 of this Complaint into this Third Cause of Action.

22. On or about March 9, 2015, plaintiff WILLIAM JEFF HOLLEY, was using the Ryobi Model TSS100L sliding compound miter saw which was designed, manufactured, assembled for sale, wholesaled and/or retailed by the defendants.

23. Plaintiffs are informed and believe, and on that basis allege, that on or about March 9, 2015, defendants TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and DOES 1 through 500 so negligently and carelessly owned, designed, constructed, assembled, operated, supervised, leased, maintained, repaired and / or controlled the particular Ryobi Model TSS100L sliding compound miter saw with Serial Number J1331 98881 and related equipment

being used by plaintiff so as to cause the bolt which held the blade guard in place to fail to properly secure the blade guard to the saw, causing it to come loose from the saw during normal operation and causing the blade guard to separate from the saw, exposing the blade while the saw was being operated, among other negligent acts.

24. As a direct and proximate result of the defendants' negligence, plaintiff WILLIAM JEFF HOLLEY suffered injuries while using the Ryobi Model TSS10ºL sliding compound miter saw when the blade guard came loose from the saw, exposed the blade while the saw was operating and caused plaintiff WILLIAM JEFF HOLLEY'S left hand to come in contact with the blade.

25. As a direct and proximate result of the defendants' negligence, plaintiff suffered injuries, including severing the second, third and fourth digits on his left hand, mental and physical pain and suffering, and other injuries, all to his general damage in an amount in excess of the jurisdictional requirements of this Court.

26. As a further direct and proximate result of the defendants' negligence, plaintiff WILLIAM JEFF HOLLEY was required to and did employ physicians and surgeons to examine, treat and care for him and did incur medical and related expenses in a presently unascertained amount. Plaintiff WILLIAM JEFF HOLLEY is informed and believes, and on that basis alleges, that he will be required to incur additional medical and related expenses in the future in a presently unascertained amount. Plaintiff WILLIAM JEFF HOLLEY will amend this Complaint to insert that amount when it has been ascertained.

27. At the time of the incident alleged above plaintiff WILLIAM JEFF HOLLEY was employed and had an earning capacity. As a further direct and proximate result of the defendants' negligence, plaintiff WILLIAM JEFF HOLLEY has suffered lost earnings and injury

to his earning capacity in a presently unascertained amount. Plaintiff WILLIAM JEFF HOLLEY will amend this Complaint to insert that amount when it has been ascertained.

## FOURTH CAUSE OF ACTION

**AS AND FOR A FOURTH CAUSE OF ACTION FOR LOSS OF CONSORTIUM AGAINST ALL DEFENDANTS, PLAINTIFF PHILLIP CALVIN ALLEGES:**

28. Plaintiff PHILLIP CALVIN incorporates Paragraphs 1 through and including 27 of this Complaint into this Furth Cause of Action.

29. Plaintiff PHILLIP CALVIN is, and at all times relevant to this Complaint has been, the spouse of plaintiff WILLIAM JEFF HOLLEY.

30. As a direct and proximate result of the conduct of the defendants in bringing about the injuries suffered by plaintiff WILLIAM JEFF HOLLEY, plaintiff PHILLIP CALVIN has suffered interference with his marital relationship with plaintiff WILLIAM JEFF HOLLEY, all to his general damage in an amount in excess of the jurisdictional requirements of this Court.

WHEREFORE, plaintiffs pray for judgment against the defendants, and each of them, as follows:

FIRST CAUSE OF ACTION:
1. General damages according to proof;
2. Special damages according to proof;
3. Interest at the legal rate;
4. Costs of suit; and
5. Such other and further relief as this Court deems just and proper.

SECOND CAUSE OF ACTION:
1. General damages according to proof;
2. Special damages according to proof;
3. Interest at the legal rate;
4. Costs of suit; and
5. Such other and further relief as this Court deems just and proper.

THIRD CAUSE OF ACTION:
1. General damages according to proof;
2. Special damages according to proof;
3. Interest at the legal rate;
4. Costs of suit; and
5. Such other and further relief as this Court deems just and proper.

FOURTH CAUSE OF ACTION:
1. General damages according to proof;
2. Special damages according to proof;
3. Interest at the legal rate;
4. Costs of suit; and
5. Such other and further relief as this Court deems just and proper.

DATED: February 10, 2016

LAW OFFICES OF TIM E. HILL
A Professional Corporation

By: *[signature]*

JOHN E. HILL
Attorneys for Plaintiffs WILLIAM JEFF HOLLEY and PHILLIP CALVIN