UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JEFF HOLLEY, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>TECHTRONIC INDUSTRIES NORTH AMERICA, INC., et al.,<br><br>   Defendants. | Case No. 16-cv-05475-WHO<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 11 |

## INTRODUCTION

Plaintiffs William Jeff Holley and Phillip Calvin move to remand this case to the Superior Court of California, County of Alameda, arguing that removal was untimely. Defendants Techtronic Industries North America, Inc. ("Techtronic") and One World Technologies, Inc. ("One World") oppose as the Complaint did not affirmatively reveal removability and the time clock for removal was never triggered. Because plaintiffs did not allege Calvin's residence or domicile, complete diversity was not facially apparent from the Complaint. Plaintiffs conceded at the hearing that diversity jurisdiction exits. Plaintiffs' motion to remand is DENIED.

## BACKGROUND

On March 9, 2015, plaintiff William Jeff Holley was using a Ryobi Model TSS100L sliding compound miter saw when the blade guard came loose, exposing the blade. Notice of Removal ("NOR"), Ex. A ("Complaint") (Dkt. 1-1) ¶¶ 8-9. Holley's left hand came into contact with the blade, severing three fingers. *Id.* ¶¶ 9-10. Defendants Techtronic and One World allegedly "designed, manufactured, assembled for sale, wholesaled, and/or retailed" the particular saw involved in the incident. *Id.* ¶ 6; NOR, Ex. B ("Amendment to Complaint") (Dkt. No. 1- (substituting One World for fictitious defendant DOE 1). Holley asserts three causes of action: (1) products liability (design or manufacturing defect); (2) products liability (failure to warn); and

1  (3) negligence.  Plaintiff Phillip Calvin, Holley's spouse, brings the fourth cause of action for loss
2  of consortium.

3       The Complaint alleges that Holley "is, and at all times mentioned in this Complaint was, a
4  resident of the State of California," and that Calvin "is, and at all times relevant to this Complaint
5  has been, the spouse" of Holley.  Compl. ¶¶ 1, 29.  There are no allegations regarding Calvin's
6  residence or domicile.  Techtronic and One World are incorporated in the State of Delaware and
7  each maintains a principal place of business in South Carolina.  NOR ¶¶ 8-9.

8       The Complaint does not seek a specific dollar amount in damages, but alleges that Holley
9  "suffered injuries, including severing the second, third and fourth digits on his left hand, mental
10 and physical pain and suffering, and other injuries, all to his general damage[.]"  Compl. ¶ 10.
11 Holley "was required to and did employ physicians and surgeons to examine, treat and care for
12 him and did incur medical and related expenses," and "will be required to incur additional medical
13 and related expenses in the future."  *Id.* ¶ 11.  Holley also alleges lost earnings and an injury to his
14 earning capacity.  *Id.* ¶ 12.  Calvin contends that he suffered interference with his marital
15 relationship with Holley.  *Id.* ¶ 30.

16      Plaintiffs filed their complaint in the Superior Court of California, County of Alameda on
17 February 16, 2016, against Techtronic and fictitious defendants "DOES 1 through 500."  Dkt. No.
18 1-1.  Plaintiffs served Techtronic with a summons and complaint on March 15, 2016.  Declaration
19 of Denise Mejlszenkier, Ex. 2 (Dkt. No. 11-3).  On April 21, 2016, One World answered the
20 Complaint that had been served on Techtronic, its parent company.  Mejlszenkier Decl., Ex. 3
21 (Dkt. No. 11-4).  After meeting and conferring with defense counsel, plaintiffs filed an amendment
22 to the complaint, substituting One World for fictitious defendant DOE 1 on July 26, 2016.
23 Mejlszenkier Decl., Ex. 4 (Dkt. No. 11-5).  On August 2, 2016, defendants filed a joint answer to
24 the Complaint.  Dkt. No. 1-3.  Defendants filed their Notice of Removal based on diversity
25 jurisdiction on September 26, 2016.  Dkt. No. 1.  Plaintiffs now move to remand this action to
26 state court.

## LEGAL STANDARD

A defendant sued in state court may remove the action to federal court if the action could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (noting that "federal courts [must] scrupulously confine their own jurisdiction to the precise limits which the statute has defined") (citation and internal quotation marks omitted). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

## DISCUSSION

Plaintiffs argue that the Complaint contained everything that defendants needed to determine diversity jurisdiction, triggering the thirty-day removal clock on April 21, 2016 when One World answered the Complaint served on Techtronic. Motion to Remand ("Mot.") (Dkt. No. 11) at 11; *see also* Cal. Civ. Proc. Code § 410.50(a) ("A general appearance by a party is equivalent to personal service of summons on such party."). Plaintiffs also note alternative start dates, including July 26, 2016 (when plaintiffs substituted One World for DOE 1) and August 2, 2016 (when defendants filed a joint answer). Because removability was apparent from the face of the Complaint, plaintiffs argue, defendants' September 26, 2016 Notice of Removal was untimely based on any of the above dates. Defendants respond that it is unclear from the Complaint whether the case is removable. Opposition (Dkt. No. 16) at 1.

"[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694. If the facts in the initial pleading are insufficient to establish diversity of citizenship, a notice of removal may be filed within thirty days of an amended pleading or other paper "from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Neither party asserts that defendants received any other paper revealing that the case is removable. Therefore, the issue here is whether plaintiffs' Complaint was sufficient to trigger the first thirty-day removal clock.

The parties dispute whether the Complaint affirmatively revealed the plaintiffs' citizenship and put defendants on notice of complete diversity of citizenship.[1] The Complaint alleges that Holley is, and was at all relevant times, a resident of California. Compl. ¶ 1. It says nothing about Calvin's residence or domicile, stating only that he at all relevant times was Holley's spouse. Compl. ¶ 29.

The location of a party's spouse is one of several factors used to determine domicile for diversity jurisdiction. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) ("[T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes."). The parties have not cited to and I am not aware of any modern decisions treating the location of a party's spouse, without more, as prima facie evidence of domicile or as enough to put defendants on notice of removability.

---

[1] Only the citizenship of the named parties is relevant here. The citizenship of the fictitious "Doe" defendants is disregarded for determining whether an action is removable on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1).

1    The Ninth Circuit has rejected the argument that a case becomes removable when a complaint contains a "clue" regarding removability. *Harris*, 425 F.3d at 696. The court's decision was based in part on "the concern that defendants may be encouraged to engage in premature removals in order to ensure they do not waive their right to removal." *Id.* at 697. And defendants would be "subject to a court's post-hoc consideration of whether there was a 'clue' in the initial pleading and whether the defendant exercised due diligence to discover the grounds for removability." *Id.* The residence of a party's spouse is such a "clue" that does not trigger the time clock for removal.

Plaintiffs' citations to *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974), and *Durst v. Siegler*, No. 04-cv-6981, 2005 WL 3358599 (S.D.N.Y. 2005), are unconvincing. In *Mas*, the court laid out the common law rule that "it is generally the case that the domicile of the wife—and, consequently, her State citizenship for purposes of diversity jurisdiction—is deemed to be that of her husband." 489 F.2d at 1399. The court, however, declined to apply the rule where the plaintiff's husband was a citizen of France. *Id.* In *Durst*, the court looked to the location of the party's spouse as one of many factors in determining domicile. 2005 WL 3358599, at *7-8. It was not the sole or determinative factor. Neither case supports a conclusion that an allegation of a party's spouse's residence affirmatively reveals the party's domicile, triggering the thirty-day removal clock.

Moreover, the common law rule has been rejected by modern cases; a spouse may establish a domicile separate from the other spouse. Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2C-3 (Rutter Group 2016). "The small amount of time saved by having only one domicile to determine when a husband and wife are parties to the same action is not sufficient to justify what essentially is a sex-biased rule that certainly will disappear eventually." Wright & Miller, 13E Fed. Prac. & Proc. Juris. § 3614 (3d ed.). Further,

Because Calvin's citizenship was not apparent from the face of the Complaint, removal was not untimely. But the question remains whether defendants, as the removing parties, met their burden of demonstrating complete diversity, or if removal was premature. The Notice of Removal cites only the Complaint to support its assertion that Calvin is a California citizen. NOR ¶ 7.

Plaintiffs request that this action be remanded and sanctions granted if I find this case was removed prematurely. Reply (Dkt. No. 17) at 3.

During the December 21, 2016, hearing, plaintiffs' counsel conceded that both requirements for diversity jurisdiction—complete diversity of citizenship and an amount in controversy exceeding $75,000—are satisfied, effectively mooting the issue of whether the action should be remanded because the motion was premature. Plaintiffs' counsel expressed concern over the delay that removal has caused in this case. If I remanded the case, I would only delay this case further because diversity jurisdiction indisputably exists, and defendants could simply remove this action a second time. Accordingly, plaintiffs' motion to remand is DENIED, as is the request for sanctions.

## CONCLUSION

Defendants' notice of removal was not untimely. Diversity jurisdiction exists. Plaintiffs' motion to remand is DENIED.

**IT IS SO ORDERED**.

Dated: December 29, 2016

WILLIAM H. ORRICK
United States District Judge