UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JEFF HOLLEY, et al.,<br><br>　　Plaintiffs,<br><br>　v.<br><br>TECHTRONIC INDUSTRIES NORTH AMERICA, INC., et al.,<br><br>　　Defendants. | Case No. 16-cv-05475-WHO<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 52 |

William Jeff Holley ("Holley") purchased a saw manufactured by Techtronic Industries North America, Inc. ("Techtronic") from an unidentified man at a storage unit outside of a grocery store. While operating the saw, the mechanism covering the blade separated and Holley lost his balance, injuring his left hand on the exposed blade. Holley brings a manufacturing defect claim against Techtronic, arguing that the blade guard mechanism was manufactured incorrectly.

Techtronic moves for summary judgment, arguing that Holley is unable to carry his evidentiary burden to create a material issue of fact to show that the defect existed when the saw left the factory. As Holley is unable to identify the person from whom he bought the saw or provide evidence that the saw was unused or unmodified when he bought it, I grant Techtronic's motion for summary judgment.

## BACKGROUND

In or around November 2013, Holley purchased a Ryobi TSS100L sliding compound miter saw from a man claiming to be an out of business contractor at a storage unit outside of a grocery store. Complaint ¶ 8, attached as Exhibit A to Motion for Summary Judgement [Dkt. No. 52-3]; Transcript of Deposition of Plaintiff William Jeff Holley ("Holley Depo.") 119:1-21 attached as

Exhibit C to Declaration of Lance. C. Cidre ("Cidre Decl.") [Dkt No. 52-3].

On or about March 9, 2015, Holley was operating the miter saw when the blade guard came loose and separated from the tool because the carriage bolt holding the blade guard in place was not properly secured. Compl. ¶ 8. After the blade guard separated, Holley lost his balance and injured his left hand on the exposed the blade, severing his middle three fingers. *Id.* at ¶ 9-10; Holley Depo. 100:6-16. The nut which would have paired to the loose bolt was never recovered or examined by either party or their experts. Holley Depo. 131:4-132:12.

Holley filed a complaint for manufacturing defect, design defect, failure to warn, and negligence against Techtronic, which engages in the business of designing, manufacturing, assembling for sale, wholesaling, and retailing miter saws under the Ryobi brand name. *Id.* at ¶¶ 1-27. Holley's spouse, plaintiff Phillip Calvin ("Calvin"), also brings a claim for loss of consortium. *Id.* at ¶¶ 28-30. Plaintiffs have since withdrawn their design defect, failure to warn, and negligence claims. Opposition to Motion for Summary Judgment 2 [Dkt. No. 56]. They proceed solely on a theory of manufacturing defect. *Id.*

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to identify "specific facts showing there is a genuine issue for trial." *Id.* The party opposing summary judgment must then present affirmative evidence from which a jury could return a verdict in that party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 257 (1986).

On summary judgment, the court draws all reasonable factual inferences in favor of the non-movant. *Id.* at 255. In deciding a motion for summary judgment, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the

1 facts are jury functions, not those of a judge." *Id.* However, conclusory and speculative testimony
2 does not raise genuine issues of fact and is insufficient to defeat summary judgment. *See*
3 *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**DISCUSSION**

Techtronic moves for summary judgment on Holley's manufacturing defect claim on two grounds. First, it argues that because Holley purchased the saw from an unauthorized, individual seller, he cannot put forth any admissible evidence that the alleged defect existed when it left Techtronic's factory. Mot. 9-14. Second, Techtronic contends that because Holley cannot produce the missing nut, he lacks any direct evidence of defect and is left only with inadequate circumstantial evidence that does not create an inference of defect. Mot. 7-9.

To establish a claim for manufacturing defect under a strict liability theory, a plaintiff has the burden of showing that: (1) he has been injured by the product; (2) the injury occurred because the product was defective; and (3) the defect existed when the product left the hands of the defendant. *Tucker v. Wright Med. Tech., Inc.*, No. 11-CV-03086-YGR, 2013 WL 1149717, at *10 (N.D. Cal. Mar. 19, 2013) (internal citations omitted). A manufacturing defect exists if the product "differs from the manufacturer's intended result or from other ostensibly identical units of the same product line." *Id.* (internal citations omitted).

Techtronic argues Holley cannot carry his evidentiary burden to prove the third element of a manufacturing defect claim and allow a jury to find that the saw contained the alleged defect when it left Techtronic's possession. Mot. 9-14. Holley cannot show the identity of the out of business contractor from whom he bought the saw, when the contractor purchased the saw, where the saw was initially purchased, or how the saw was maintained between the time the contractor purchased it and when Holley bought it from the contractor. Holley Depo. 119:5-11, 121:7-8, 122:23-25, 123:19-24.

Holley has not retained the saw's packaging and does not have any receipts for the saw. *Id.* at 122:23-25. He can only support his contention that the saw was new and untampered with by relying on an inadmissible out of court statement of the contractor and his own observations. *Id.* at 121:4-6. In deposition, Holley states that the saw was sealed when he bought it. *Id.* at

3

119:25, 120:1-3. He cannot remember whether the packaging was sealed by tape, staples, or a combination of the two, but stated that it did not appear that the package's sealing had been tampered with. *Id.* at 120: 4-13. His sole basis for saying that the saw's packaging was factory sealed is from seeing the same type of saw on a shelf at a Home Depot store. *Id.* at 120:14-25. He also states that the packaging on the inside of the box looked pristine when he opened it. *Id.* 121:21-25, 122:1-9.

Holley argues that because accessing the nut would require partial disassembly of the saw, post-manufacture tampering with the nut is highly unlikely, and that Techtronic is merely hypotnesizing that nefarious unidentified forces are at play. Oppo. at 11-12. Holley misconstrues his burden. Techtronic does not have to prove that a third party tampered with the saw. Rather, Holley must be able to prove to a jury that the saw contained the alleged defect when it left the hands of Techtronic. *Tucker*, 2013 WL 1149717 at *10.

Based on the record, a reasonable jury could not find by a preponderance of the evidence that the saw was in the same condition when Holley purchased it from the contractor as when it left the factory. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027–28 (9th Cir. 2006) ("If a reasonable jury viewing the summary judgment record could find by a preponderance of the evidence that [plaintiff] is entitled to a verdict in his favor, then summary judgment was inappropriate; conversely, if a reasonable jury could not find liability, then summary judgment was correct.")(internal citation omitted). The Third Circuit correctly stated that the black letter law that a "defect existing at the time of manufacture or modification is not presumed but must be proved by the plaintiff by its preponderance of the evidence." *Paoletto v. Beech Aircraft Corp.*, 464 F.2d 976, 982 (3d Cir. 1972)(plaintiffs were the twelfth owner of the aircraft involved in a fatal plane crash and could not show that the defect existed at the time of manufacture). While the chain of custody here may not have been as attenuated in *Paoletto*, it remains Holley's burden to prove that the defect existed at the time of manufacture.

After the November 28, 2018 hearing, I gave the parties two days to file on ECF the citations of any cases not previously cited that are more directly on point to this issue. [Dkt. No. 60]. Holley ignored my instructions and filed two pages of briefing and three entire cases with the

4

portions he believed to be relevant highlighted. [Dkt. No. 62]. None of the cases is on point: each involves a design defect, not a manufacturing defect. *Thomas v. General Motors Corp.*, 13 Cal. App. 3d 81 (1970) (claim that the washing machine design was defective for not anticipating potential vandalism); *Springmeyer v. Ford Motor Co.*, 60 Cal. App. 4th 1541 (1998) (claim that truck fan blade design was defective); *Bookhamer v. Sunbeam Products, Inc.*, 913 F. Supp. 2d 809 (N.D. Cal. 2012) (claims for negligence and design defect under the consumer expectation test of an electric blanket). Design defect claims do not require plaintiffs to show that the defect existed when the product left the hands of the defendant. *Barker v. Lull Engineering Co.*, 20 Cal.3d 413 (1978) ("[A] product is defective in design either (1) if the product has failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, or (2) if, in light of the relevant factors ... the benefits of the challenged design do not outweigh the risk of danger inherent in such design."). Holley dropped his design defect claim because he uncovered no evidence of one during discovery. His supplemental authority is unhelpful.

As Holley is unable to carry his burden to prove that the defect existed at the time of manufacture, summary judgment on this threshold issue is appropriate and dispositive. I need not consider Techtronic's arguments related to the missing nut and the sufficiency of the remaining direct and circumstantial evidence. I grant Techtronic's motion for summary judgment.

## CONCLUSION

Holley cannot carry his evidentiary burden to create a material issue of fact to succeed in his manufacturing defect claim against Techtronic. Techtronic's motion for summary judgment is granted.

**IT IS SO ORDERED.**

Dated: December 10, 2018

William H. Orrick
United States District Judge