UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JEFF HOLLEY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TECHTRONIC INDUSTRIES NORTH AMERICA, INC., et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-05475-WHO<br><br>**ORDER VACATING JUDGMENT AND GRANTING SUMMARY JUDGMENT AGAINST PLAINTIFFS ON THE NEGLIGENCE AND CONSORTIUM CAUSES OF ACTION**<br><br>Re: Dkt. No. 67 |

**INTRODUCTION**

On December 10, 2018, I granted summary judgment (the "Order") [Dkt. No. 64] and entered Judgment [Dkt. No. 65] against plaintiffs William Jeff Holley and Phillip Calvin because Holley was unable to create a material issue of fact that, at the time the saw that injured him left the control of defendant Techtronic Industries North America, Inc. ("Techtronic"), the saw had the defect that caused Holley's injury. Holley purchased the saw from someone he cannot identify who sold it out of a storage unit near a grocery store at which Holley was shopping. He cannot show when the saw was originally purchased, where it was purchased, or how it was maintained between the time it was purchased and when Holley bought it.

Plaintiffs move to alter or amend the Judgment because, notwithstanding the Order, Holley's negligent manufacture claim and Calvin's loss of consortium claim survive. Mot. at 1-2. They assert that they never waived Holley's negligence cause of action; indeed, they say their arguments regarding that claim were interwoven with their arguments regarding product liability. *Id.* at 2-5 (citing Opposition to Motion for Summary Judgment ("MSJ Oppo.") at 2:16-25, 6:8-23, 7, 8, 9:1-19, 12:3-23, 14:3-16 [Dkt. No. 56]). I had not realized that Holley was still pursuing his negligence claim when I granted summary judgment to Techtronic, and the Order did not

specifically address it. Accordingly, I vacate the Judgment so that I can address the negligence claim explicitly.

Holley's negligence claim fails for the same reasons as the product liability claim. As a result, there is no liability cause of action to support the consortium cause of action. To the extent that the negligence cause of action survived the Order, I correct that mistake and now grant summary judgment in favor of defendants on the negligence and consortium causes of action.

**LEGAL STANDARD**

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). The court's discretion to grant a Rule 59(e) motion is not limited to these situations. *Id.* Rule 59(e) is intended to "afford relief only in extraordinary circumstances, and not to routinely give litigants a second bite at the apple." *Van Derheydt v. Cty. of Placer*, 32 Fed. App'x 221, 223 (9th Cir. 2002) (granting a motion for reconsideration after the district court ruled that a claim was untimely, but statute of limitations had yet to start running). Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). Accordingly, Rule 59(e) may not be used to raise evidence or an argument for the first time "when they could reasonably have been raised earlier in the litigation." *Id.*

Federal Rule of Civil Procedure 60(b)(1) allows a district court to modify a final judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); see also, *Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008) ("Rule 60(b)(1) . . . grants the power to correct judgments . . . which have issued due to inadvertence or mistake.") (internal quotation marks and citations omitted). "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal quotation

marks and citation omitted). "At least four factors are considered: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (internal quotation marks and citation omitted). Neglect may be excusable even where the omission is "attributable to negligence" or "caused by carelessness." *Lemoge*, 587 F.3d at 1192 (internal quotation marks and citations omitted). A motion under Rule 60(b)(1) "must be made within a reasonable time [and] no more than a year after the entry of the judgment or order" which the movant seeks to be modified. Fed. R. Civ. P. 60(c)(1). Apart from this procedural requirement, whether to grant a Rule 60(b)(1) motion is within "the sound discretion of the district court." *Barber v. State of Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994).

Relief under Rule 60(b)(6)'s "catchall" provision is merited when the moving party "demonstrates extraordinary circumstances which prevented or rendered him unable to prosecute[his case]." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Apr. 24, 2002) (internal citations and quotations omitted).

## DISCUSSION

### I. LITIGATION OF THE NEGLIGENCE CLAIM

I had assumed that Holley had withdrawn his negligence claim when I wrote the Order, given the lack of attention it received in the briefing related to Techtronic's motion for summary judgment and at the hearing. I was apparently in error. Holley submits that he did not withdraw it and that it was not otherwise disposed of via summary judgment prior to the entry of judgment in favor of Techtronic.

The complaint contained four causes of action: (1) product liability, design and/or manufacturing defect; (2) product liability, failure to warn; (3) negligence; and (4) loss of consortium. Complaint attached as Exhibit A to Notice of Removal [Dkt. No. 1-1]. In its motion for summary judgment, Techtronic asserted that the claims were initially for "one or more design, manufacturing, or warning defects" but that "[f]ollowing discovery, Plaintiffs have effectively

3

1  abandoned their design and warning defect claims, as confirmed by their expert and discussed in
2  Part A below. For all intents and purposes, Plaintiffs' claims are now limited to their
3  manufacturing defect allegations." Motion for Summary Judgment at 1-2 [Dkt. No. 52].

4      Holley appeared to agree. In his opposition, Holley stated, "Plaintiff withdraws his Second
5  Cause of Action for failure to warn, and also confirms that with respect to his first Cause of Action
6  for Design and/o Manufacturing Defect, he intends to proceed solely on a theory of manufacturing
7  defect." MSJ Oppo. at 2. He was silent as to his third cause of action. But his arguments were
8  almost entirely related to his strict liability claim for manufacturing defect; to the extent that his
9  negligence cause of action was discussed, it was only in the context of using res ipsa loquitor as an
10 example for why he did not need to show chain of custody of the saw. *Id.* at 12. Holley did not
11 mention his negligence claim or so much as utter the word "negligence" at the November 28, 2018
12 hearing on the motion. Transcript of Proceedings [Dkt. No. 69].

13     But Holley contends that he "interwove" argument related to his negligence claim and case
14 law on the standard of proof for both strict liability and negligence in his opposition to the motion
15 for summary judgment. Mot. at 1-3. In light of his motion and position now, I address the
16 negligence claim below based on the record on Techtronic's motion for summary judgment.

## II. THE NEGLIGENCE CLAIM ON THE MERITS

18     A number of federal courts in California have held that in order to prevail on a
19 manufacturing defect claim under either a theory of strict liability or negligence, a plaintiff must
20 show that "(1) he has been injured by the product; (2) the injury occurred because the product was
21 defective; and (3) the defect existed when the product left the hands of the defendant." *Money v.*
22 *Johnson & Johnson*, No. 15-CV-03213-LB, 2016 WL 3055875, at *6 (N.D. Cal. May 31, 2016);
23 *Fender v. Medtronic, Inc.*, 887 F. Supp. 1326, 1333 (E.D. Cal. 1995). To prevail on a negligence
24 theory of products liability, a plaintiff must also prove that the defect that caused the injury was
25 due to the negligence of the defendant. *Jager v. Davol Inc.*, No. EDCV161424JGBKKX, 2017
26 WL 696081, at *3 (C.D. Cal. Feb. 9, 2017) (citing *Merrill v. Navegar, Inc.*, 26 Cal.4th 465, 479
27 (2001)). Holley argues that summary judgment is unwarranted because he has sufficient evidence
28 under the doctrine of res ipsa loquitor to support an inference of negligence against Techtronic,

4

that a claim of subsequent modification of the product is an affirmative defense on which Techtronic bears the standard of proof, and that he has presented enough evidence to create a triable issue of fact. Mot. at 2-5.

I granted summary judgment on Holley's strict liability manufacturing defect claim in favor of Techtronic because a reasonable jury could not find by a preponderance of the evidence that the saw was in the same condition when Holley purchased it from the person from whom he bought it as when it left the factory. Order at 4. He could not identify the person from whom he bought the saw, when that person purchased the saw, where he purchased it, or how he maintained it between the time it was originally bought and when Holley purchased it. *Id.* at 3 (citing Transcript of Deposition of Plaintiff William Jeff Holley 119:5-11, 121:7-8, 122:23-25; 123: 19-24 attached as Exhibit C to Declaration of Lance C. Cidre [Dkt. No. 52-3]). These facts are also dispositive with respect to the negligence claim. Because Holley cannot produce evidence to show the condition of the saw when it left Techtronic's control, he cannot produce enough evidence to create a genuine issue of material fact that Techtronic was negligent. See *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.")).

Holley argues that the doctrine of res ipsa loquitor is sufficient to raise an inference of negligence against Techtronic. Mot. at 1-2, 4. He supports this contention by citing several cases involving res ipsa loquitor. Mot at 3 (citing *Zentz v. Coca Cola Bottling Co. of Fresno,* 39 Cal. 2d 436 (1952); *Van Horn v. Pac. Ref. & Roofing Co*., 27 Cal. App. 105, (Cal. Ct. App. 1915); *Helms v. Pac. Gas & Elec. Co.*, 21 Cal. App. 2d 711 (1937)). But as the California Supreme Court points out in *Zentz*, in order to invoke res ipsa loquitor there must be evidence that the product had not been improperly handled by the plaintiff or some third person, or that its condition was not otherwise changed when control was relinquished by the defendant. *Id.* at 444. No such evidence exists here. There is no evidence of how the saw was handled between its original purchase and

5

Holley's re-purchase. Moreover, res ipsa loquitur does not apply if it is equally probable that the negligence was that of someone other than the defendant. 39 Cal. 2d at 443. Holley is unable to bring evidence to show that it is not equally probable that the original purchaser's alleged negligence caused the saw to be defective. Res ipsa loquitor is no help to Holley.

Holley cites the Hon. Edward M. Chen's decision in *Bookhamer v. Sunbeam Prod., Inc.,* 913 F. Supp. 2d 809 (N.D. Cal. 2012) (Chen, J.) to support his negligence claim. Mot. at 4-5. In *Bookhamer*, an electric blanket produced no later than 1987 caught fire in 2009, severely injuring the plaintiff and killing his mother. 913 F. Supp. 2d at 811-14. The electric blanket was mostly destroyed in the fire. *Id.* The defendant manufacturer argued that since the condition of the blanket could not be determined, the plaintiff could not show that the blanket was in substantially the same condition when the fire occurred as when it left the manufacturer's control. *Id.* at 814. The court held that with regards to a negligence claim, the "existence of an intervening cause such as substantial change or alteration of the product does not relieve the defendant of liability if both the intervening cause and the resulting injury were foreseeable." *Id.* at 819.

Given the lack of admissible evidence about the original purchaser in this case, it is not possible to characterize the foreseeability of any of his (unknown) actions. A jury would be forced to guess that a defect in the saw, if proved, could properly be attributed to Techtronic's negligence. In *Bookhamer*, there was no mystery third person salesman or original owner. The facts here are too different for *Bookhamer* to provide useful guidance. In addition, *Bookhamer* appears to be in the minority in holding that under a theory of negligent manufacture, a plaintiff does not need to prove that the defect existed when the product left the hands of the manufacturer. *Money*, 2016 WL 3055875, at *6; *Medtronic, Inc.*, 887 F. Supp. 1326, 1333 (E.D. Cal. 1995).

Holley also argues that assembly specifications required placement of Loctite on the bolt of the saw and that the lack of presence of Loctite on the female threads of the bolt creates a material question of fact that Techtronic was negligent in the saw's manufacture. The fundamental defect in Holley's case remains: Holley must submit evidence (which he does not have) that the alleged defect was present on the saw when it left Techtronic's control.

Accordingly, I grant summary judgment on Holley's negligence claim in favor of

Techtronic. Holley has no surviving theories of liability, so Calvin's loss of consortium claim cannot stand alone and fails as well. See *Brittell v. Young*, 90 Cal.App.3d 400, 407 n. 5 (1979) (unless a valid underlying claim is stated, a plaintiff cannot state a cause of action for loss of consortium).

## CONCLUSION

For the foregoing reasons, I vacate the Judgment. Because there are no material facts in dispute that would allow Holley to succeed in his negligence claim against Techtronic, defendants' motion for summary judgment as to Holley's negligence claim is granted. As a result, Calvin's loss of consortium claim fails as well. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: February 4, 2019



William H. Orrick
United States District Judge